# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0662V
UNPUBLISHED

| | |
|---|---|
| SHANNON MCTERNAN,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 27, 2020<br><br>Special Processing Unit (SPU);<br>Compensation Under the Vaccine<br>Program; Offset; Section 15(g);<br>Claim of Subrogation by Private<br>Health Care Insurance; Section 15(h) |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.

*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON INABILITY TO CLAIM PRIVATE HEALTH CARE INSURANCE OFFSET IN VACCINE PROGRAM [1]

      On April 24, 2020, an attorney at Petitioner's counsel's law firm emailed the court requesting a ruling concerning how Sections 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act" or "Program")[2] pertains to the present case. *See* Informal Remark, dated Apr. 24, 2020. Petitioner has been contacted by her health care insurer regarding recoupment of benefits under a right of subrogation set forth in the insurance policy. She has filed letters dated May 8 and 22, 2019 from Conduent Payment Integrity Solutions, the authorized subrogation/reimbursement agent for Petitioner's health insurance plan from Cigna, which purports to be a self-funded

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq*. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

ERISA plan. Exhibit 12, ECF Nos. 30-31. Thus, Petitioner seeks to clarify whether her health care insurer is entitled to reimbursement of benefits that it has paid if Petitioner recovers monies in her Vaccine case.

Under the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. Section 15(a); *see also Helman v. Sec'y of Health & Human Servs.*, No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24, 2014) (citing *Bruesewitz v. Wyeth, LLC*, 131 S.Ct. 1068, 1074 (2011)). But such compensation elements are limited by subsequent sections of the Act. Thus, punitive and exemplary damages are prohibited, and for unreimbursable expenses and pain and suffering, compensation may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." Section 15(d).

Additionally, total recoverable compensation for an established vaccine injury is offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. Section 15(g).[3] Thus, the Vaccine Act always and by its own terms functions as a *secondary payer* to a petitioner's health care insurance.[4] Any entitlement award paid to a petitioner *cannot* include amounts paid or expected to be paid under his or her existing health care insurance policy. The Act also prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program." Section 15(h).

In light of the above, it is readily evident that the plain language of the Vaccine Act does not authorize reimbursement for benefits already paid under Petitioner's health care insurance policy. **This means that if Petitioner is successful in establishing entitlement to a Vaccine Act award, her insurer cannot be reimbursed by the Vaccine Program for its payments for Petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged**. Petitioner shall so inform any entity that indicates the intent to act in controversion of the Act's requirements.

---

[3] As Section 15(g) specifically states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act (42 U.S.C. 1396 *et seq.*)), or (2) by an entity which provides health services on a prepaid basis.

[4] I and other special masters have issued similar rulings in other cases. *See Gram v. Sec'y of Health & Human Servs.,* No. 15-0305V, 2018WL 2015 WL 7166097 (Fed. Cl. Spec. Mstr. Sept. 29, 2015); *Dashty v. Sec'y of Health & Human Servs.,* No. 15-0966V, 2018 WL 2411049 (Fed. Cl. Spec. Mstr. Mar. 5, 2018); *Kuhl v. Sec'y of Health & Human Servs.,* No. 16-1716V, 2018 WL 4391002 (Fed. Cl. Spec. Master May 24, 2018); *Fennig v. Sec'y of Health & Human Servs.,* No. 17-2019V, 2018 WL 7247224 (Fed. Cl. Spec. Mstr. Dec. 17, 2018). Like this case, *Fennig* involved a self-funded ERISA insurance plan. 2018 WL 7247224, at *1.

      Any questions about this order or about this case generally may be directed to OSM staff attorney **Stacy Sims at (202) 357-6349 or Stacy_Sims@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master